a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ALLAHYAR SEBGHATULLAH #A244-559-762, Petitioner | CIVIL DOCKET NO. 1:25-CV-01671 SEC P |
| VERSUS | JUDGE DRELL |
| E GARCIA ET AL, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Allahyar Sebghatullah ("Sebghatullah"), an immigration detainee at Winn Correctional Center in Winnfield, Louisiana. Sebghatullah alleges that his detention is unconstitutional.

Because there is no significant likelihood of Sebghatullah's removal in the reasonably foreseeable future, the Petition should be GRANTED.

## I. Background

Sebghatullah is a native and citizen of Afghanistan who entered the United States without inspection on May 31, 2024. ECF No. 10-1 at 4. He has been detained since. ECF No. 5 at 1.

On June 26, 2024, Sebghatullah received a Notice to Appear. ECF No. 12-1 at 1. On April 14, 2025, an immigration judge ordered Sebghatullah removed to

Germany or, in the alternative, Afghanistan. ECF No. 12-2 at 5. No appeal was filed, so the removal order became final on May 14, 2025.

According to the Declaration of Acting Assistant Field Office Director Justin Williams, on June 21, 2025, Sebghatullah advised that he wanted to be removed to Germany and submitted a passport application. ECF No. 12-3 at 2. Germany denied the request because Sebghatullah's German residency had expired. *Id.*

On October 20, 2025, Enforcement and Removal Operations ("ERO") sent an application for Afghan travel documents. *Id.* at 3. On November 3, 2025, "a travel letter request was sent to U.S. mission Afghanistan in Doha for action." *Id.*

On January 23, 2026, ERO contacted Mexico for possible third country removal, but Mexico denied acceptance. *Id.*

On February 8, 2026, Sebghatullah's identity was verified with Afghan nationals. On March 26, 2026, another travel document request was submitted for Afghanistan. *Id.* at 4.

On April 8, 2026, the Embassy of the Islamic Republic of Afghanistan in Canada issued a Travel Permission document, and on April 21, 2026, ERO received an Afghan Travel Letter. ECF No. 18-3 at 1.

On June 23, 2026, a commercial flight was scheduled for June 29, 2026. However, on June 30, 2026, the commercial flight ticket was returned, and ERO noted that Sebghatullah was pending the next scheduled flight. ECF No. 18-3 at 2. ERO continued to report that the case was pending flight scheduling through August 14, 2026. *Id.*

The Court ordered the Government to supplement its response with competent summary judgment evidence indicating whether the transportation letter requested through the U.S. Mission Afghanistan in Doha was received, and whether any additional authorization remains necessary before commercial transportation can be scheduled. ECF No. 15. The Government produced a sworn declaration of Acting Field Office Director Justin Williams affirming that no additional ICE authorizations are necessary to schedule a commercial flight; however, Kam Air, a private Afghan airline, must schedule the flight. ECF No. 18-3 at 2. Williams further states that "Afghanistan is not currently accepting travel documents for repatriation." ECF No. 18-3 at 2.

## II. Law and Analysis

The Court has jurisdiction to consider Sebghatullah's challenge to his continued detention. *See Nguyen v. Noem*, No. 5:25-CV-176, 2026 WL 237282, at *6 (S.D. Tex. Jan. 28, 2026) ("Mr. Nguyen contests only his post-removal-period detention . . . rather than any aspect of his underlying removal order or the decision by DHS to execute it. Thus, . . . the Court retains jurisdiction to review his detention."); *Kokoreva v. Unknown Party*, No. 3:25-CV-1700, 2025 WL 2981626, at *2 (N.D. Tex. Oct. 7, 2025) ("[T]he Court retains jurisdiction to review a noncitizen's detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition.") (quotation omitted), *report and recommendation adopted*, 2025 WL 2980642 (N.D. Tex. Oct. 22, 2025); *Yousef v. Warden Richwood*

*Corr. Ctr.*, No. 25-CV-1947, 2025 WL 3784489, at *2 (W.D. La. Dec. 10, 2025), *report and recommendation adopted*, 2026 WL 19378 (W.D. La. Jan. 2, 2026).

After an alien is ordered removed, the Government has 90 days with which to effectuate the removal. *See* 8 U.S.C. § 1231(a)(1)(A). However, § 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). In fact, detention for up to six months is "presumptively reasonable." *Id.* Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. *Id.; see also* 8 C.F.R. § 241.13 (setting forth the *Zadvydas* procedures). The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *See Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006). The alien's claim must be supported by more than mere "speculation and conjecture." *Idowu v. Ridge*, No. 03-cv-1293, 2003 WL 21805198, at 4 (N.D. Tex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).

If the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing with evidence or release the alien. *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018); *Zadvydas*, 533 U.S. at 701.

Sebghatullah's removal order became final on May 14, 2025, and he has been detained since May 31, 2024, so the presumption of reasonableness no longer applies.

*See Shengelia v. Ortega*, 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025); *see also Altayb v. U.S. Immigration & Customs Enf't*, 1:25-CV-01615, 2026 WL 550093, at *1 (W.D. La. Feb. 9, 2026), *adopted by* 2026 WL 544292 (W.D. La. Feb. 26, 2026).

Sebghatullah asserts that there is no significant likelihood of his removal in the foreseeable future due to the lack of diplomatic relations between the United States and Afghanistan. He alleges that the Afghan government is being controlled by the Taliban and will not issue travel documents to ICE. ECF No. 10.

Given the length of Sebghatullah's post-removal order detention, ICE's unsuccessful removal efforts, and the allegations concerning Afghanistan's willingness to accept repatriations, Sebghatullah has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. The burden therefore shifts to the Government to rebut that showing.

The Government's supplemental evidence establishes that Sebghatullah has obtained an Afghan Travel Permission document and Travel Letter and that no additional ICE authorization is necessary to schedule commercial transportation. ECF No. 18-3 at 1-2. Nevertheless, removal has not occurred. Indeed, although a flight was scheduled in June, that flight did not result in Sebghatullah's removal, and nearly two months later ICE remains unable to schedule another flight. *Id.* at 2. Most significantly, the Government now acknowledges that "Afghanistan is not currently accepting travel documents for repatriation." *Id.*

The Government has therefore established that Sebghatullah possesses the Afghan travel documentation obtained by ICE, but it has not established that those documents can presently be used to effectuate his removal. To the contrary, its own evidence establishes that Afghanistan is not currently accepting travel documents for repatriation. Nor does the Government identify if or when that circumstance is expected to change. "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701. And "[a] remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future." *Nguyen v. Noem*, 5:25-CV-176, 2026 WL 237282, at *9 (S.D. Tex. Jan. 28, 2026) (citing *Balouch v. Bondi*, 2025 WL 2871914, at *3 (E.D. Tex. Oct. 9, 2025) (citation omitted)); *Ibrahimi v. Bondi*, 25-CA-00768, 2026 WL 915703, at *3 (W.D. Tex. Mar. 27, 2026) ("ICE's few 'affirmative steps' toward securing travel documents [to Afghanistan] do not show that removal is reasonably foreseeable.").

Sebghatullah has been in post-removal order detention for more than 15 months. He is not required to "show the absence of any prospect of removal—no matter how unlikely or unforeseeable," only that he has "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701-02. Based on the record before the Court, Sebghatullah has met his burden under *Zadvydas*, and the Government has failed to rebut that

showing with evidence demonstrating a significant likelihood of removal in the reasonably foreseeable future.

## III. Conclusion

Because there is no significant likelihood of Sebghatullah's removal in the reasonably foreseeable future, IT IS RECOMMENDED that the Petition be GRANTED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, August 26, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE